IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAHMIR ASHLEY-BOYD,<br>    Petitioner | : No. 1:23-CV-0485<br>:<br>: (Judge Munley)<br>: |
| v. | : |
| GARRY HAIDLE,<br>    Respondent | : |

## MEMORANDUM

Petitioner Jahmir Ashley-Boyd initiated the above-captioned action by filing a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 while in pretrial detention. During the pendency of his habeas petition, he was convicted and sentenced after pleading guilty to one of the state charges against him. Because Ashley-Boyd's Section 2254 petition is premature and completely unexhausted, the court will dismiss it without prejudice.

**I.    BACKGROUND**

In November 2021, Ashley-Boyd was charged with a host of state criminal offenses, including burglary, conspiracy to commit burglary, aggravated assault, simple assault, criminal trespass, fleeing or attempting to elude a police officer, resisting arrest, theft, and reckless endangerment. See Commonwealth v. Ashley-Boyd, No. CP-45-CR-0003055-2021 (Pa. Ct. Com. Pl. Monroe Cnty.). His bail was initially set at $200,000. See id. At his preliminary hearing on

December 8, 2021, bail was denied entirely based on his extensive criminal history and the charges and evidence in the pending case. (See Doc. 14-1 at 15-17). Ashley-Boyd subsequently sought bail modification, but that request was denied after a hearing. (See Doc. 14-2). Consequently, Ashley-Boyd appears to have spent considerable time in pretrial detention prior to his eventual conviction. See Ashley-Boyd, No. CP-45-CR-0003055-2021; (see also Doc. 2 at 3).

In March 2023, while still in pretrial detention, Ashley-Boyd filed the instant Section 2254 petition in the United States District Court for the Eastern District of Pennsylvania. (See generally Doc. 2). The Eastern District promptly transferred the petition to this court. (See Doc. 5).

In his petition, Ashley-Boyd asserts four grounds for relief: (1) a Fourth Amendment violation stemming from an allegedly illegal search and seizure by law enforcement, (Doc. 2 at 3); (2) an Eighth Amendment violation regarding the right to bail, (id. at 4); (3) a Sixth Amendment speedy trial violation, (id. at 5); and (4) a Fourteenth Amendment due process violation regarding his extensive pretrial detention, (id. at 6).

While his Section 2254 petition was pending, Ashley-Boyd pled guilty to a single count of burglary, 18 PA. CONS. STAT. § 3502(a)(4), in the Court of Common Pleas of Monroe County, Pennsylvania. See Ashley-Boyd, No. CP-45-

CR-0003055-2021. On October 13, 2023, the Common Pleas Court sentenced him to 24 to 72 months' imprisonment and 48 months' probation. See id.

It does not appear that Ashley-Boyd appealed this conviction or sentence. See id. Nor does it appear that he filed a petition for state post-conviction relief. See id. Because it is clear from the record that Ashley-Boyd has not exhausted his state remedies, the court will dismiss his Section 2254 petition.

## II.    STANDARD OF REVIEW

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. §§ 2241-2254, mandates that petitioners demonstrate that they have "exhausted the remedies available in the courts of the State" before seeking federal habeas relief. Id. § 2254(b)(1)(A). An exhausted claim is one that has been "fairly presented" to the state courts "by invoking one complete round of the State's established appellate review process," and which has been adjudicated on the merits. Carpenter v. Vaughn, 296 F.3d 138, 146 (3d Cir. 2002) (quoting O'Sullivan v. Boerckel, 526 U.S. 838, 844-45 (1999)); see also Johnson v. Williams, 568 U.S. 289, 302 (2013).

If a state prisoner has not fairly presented a claim to the state courts "but state law clearly forecloses review, exhaustion is excused, but the doctrine of procedural default may come into play." Carpenter, 296 F.3d at 146 (citations omitted). Generally, if a prisoner has procedurally defaulted on a claim by failing

to raise it in state-court proceedings, a federal habeas court will not review the merits of the claim, even one that implicates constitutional concerns. Martinez v. Ryan, 566 U.S. 1, 9 (2012) (citing Coleman v. Thompson, 501 U.S. 722, 747-48 (1991); Wainwright v. Sykes, 433 U.S. 72, 84-85 (1977)).

A few limited exceptions to this rule exist. One exception is that "[a] prisoner may obtain federal review of a defaulted claim by showing cause for the default and prejudice from a violation of federal law." Id. at 10 (citing Coleman, 501 U.S. at 750). "Cause for a procedural default exists where something external to the petitioner, something that cannot fairly be attributed to him[,] . . . impeded [his] efforts to comply with the State's procedural rule." Maples v. Thomas, 565 U.S. 266, 280 (2012) (alterations in original) (citations and internal quotation marks omitted). To establish prejudice, a petitioner must show not merely that errors existed that created a possibility of prejudice, but that they "worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." Holland v. Horn, 519 F.3d 107, 112 (3d Cir. 2008) (quoting United States v. Frady, 456 U.S. 152, 170 (1982)). If the petitioner establishes cause and prejudice, the federal court reviews the claim *de novo* "because the state court did not consider the claim on the merits." Bey v. Superintendent Greene SCI, 856 F.3d 230, 236 (3d Cir. 2017), cert. denied sub nom. Gilmore v. Bey, 138 S. Ct. 740 (2018) (mem.) (citation omitted).

4

Another rare exception that excuses a procedural default is where the petitioner can establish that "failure to consider the claim will result in a fundamental 'miscarriage of justice.'" Carpenter, 296 F.3d at 146 (quoting Coleman, 501 U.S. at 750). To satisfy the "fundamental miscarriage of justice" exception, a petitioner typically has to demonstrate actual innocence. Leyva v. Williams, 504 F.3d 357, 366 (3d Cir. 2007) (citation omitted).

## III. DISCUSSION

As noted above, Ashley-Boyd asserts four habeas claims alleging various constitutional infringements with respect to his state prosecution. (See generally Doc. 2). As is readily apparent from the record, however, Ashley-Boyd failed to exhaust any of his federal claims in state court. That is, he has not presented any claim—constitutional or otherwise—to the state courts through one complete round of appellate review with adjudication on the merits. See Carpenter, 296 F.3d at 146; Johnson, 568 U.S. at 302.

Moreover, because Ashley-Boyd's conviction and sentence were entered in October 2023, he still has substantial time to seek post-conviction relief in state court under Pennsylvania's Post Conviction Relief Act (PCRA), if desired. See 42 PA. CONS. STAT. § 9545(b)(1) (requiring state post-conviction petition to be filed "within one year of the date the judgment becomes final"). Accordingly, Ashley-Boyd's claims are unexhausted and not properly before this court. See

5

28 U.S.C. § 2254(b)(1)(A) (requiring Section 2254 petitioner to have "exhausted the remedies available in the courts of the State" before federal habeas relief can be granted).

Furthermore, Ashley-Boyd has not identified any basis for a stay and abeyance in this case. See Crews v. Horn, 360 F.3d 146, 154 (3d Cir. 2004) (holding that district courts should stay, rather than dismiss, a Section 2254 petition "when an outright dismissal could jeopardize the timeliness of a collateral attack"). AEDPA contains a one-year statute of limitations for state prisoners seeking habeas corpus relief in federal court. See 28 U.S.C. § 2244(d)(1). In most cases, that one-year clock begins to run when the state conviction becomes "final," as indicated by "the conclusion of direct review or the expiration of the time for seeking such review." Id. § 2244(d)(1)(A). AEDPA also expressly provides for tolling of this limitations period when "a properly filed application for State post-conviction or other collateral relief" for the at-issue judgment is "pending." Id. § 2244(d)(2).

Ashley-Boyd has adequate time to file a state PCRA petition, if desired. A properly filed PCRA petition, moreover, will toll the one-year statute of limitations for a Section 2254 petition. See id. Consequently, there is no basis to stay this case and the court will instead dismiss without prejudice Ashley-Boyd's unexhausted habeas petition.


## IV.  CONCLUSION

Based on the foregoing, the court will dismiss without prejudice Ashley-Boyd's petition for a writ of habeas corpus under 28 U.S.C. § 2254. The court will likewise deny a certificate of appealability, as Ashley-Boyd has failed to make a substantial showing of the denial of a constitutional right, see 28 U.S.C. § 2253(c)(2), or that "jurists of reason would find it debatable" whether this court's procedural ruling is correct, Slack v. McDaniel, 529 U.S. 473, 484 (2000). An appropriate Order follows.

Date: 12/14/23

BY THE COURT:

JUDGE JULIA K. MUNLEY
United States District Court